IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FOX NEWS NETWORK, LLC and<br>CHRISTOPHER WALLACE,<br><br>Plaintiffs,<br><br>v.<br><br>ROBIN CARNAHAN FOR SENATE, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:10-cv-00906-GAF |

**PLAINTIFFS FOX NEWS NETWORK, LLC AND CHRISTOPHER WALLACE'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO EXPEDITE PURSUANT TO 28 U.S.C. § 1657**

On the third business day after Plaintiffs Fox News Network, LLC ("FNC") and Christopher Wallace ("Wallace") (together, "Plaintiffs") filed their copyright infringement, misappropriation, and invasion of privacy suit against Defendant Robin Carnahan for Senate, Inc. ("Defendant"), Defendant filed a motion to expedite pursuant to 28 U.S.C. § 1657 (the "Motion"). Specifically, Defendant wants the Court to allow it to file "any dispositive motions or motions to dismiss" by September 22, 2010, and then wants the Court to consult with the parties as to a briefing schedule for any such motion. (Motion 1.) While Defendant claims that this lawsuit has had a "chilling effect" on its "dissemination of accurate and truthful political information" (Defendant's Suggestions in Support of Motion ("Def. Suggs.") p. 1), the fact is that Defendant is continuing to display the offending campaign advertisement on its website, and has defiantly announced that it will continue to air the advertisement on television. Defendant

has asserted no affirmative right to relief in this action. As such, and for the other reasons stated herein, there is no good cause for expedited treatment of this action.

## BACKGROUND

Plaintiffs filed their complaint on September 15, 2010 (the "Complaint"). (A true and correct copy of the Complaint is annexed hereto as Exhibit A.) The Complaint sets forth <u>three</u> claims against Defendant: one claim by FNC for infringement of its copyrights in certain proprietary footage from the Fox News Network, and two claims by Wallace under Missouri's common law (invasion of privacy by misappropriation of likeness and invasion of the right of publicity by misappropriation of identity or persona). (*See generally* Complaint.)

Each of Plaintiffs' claims is based on Defendant's unauthorized use of certain footage, owned by FNC and featuring Wallace's likeness, in an advertisement for Robin Carnahan's campaign for the United States Senate (the "Carnahan Ad"). The footage was lifted from Wallace's January 15, 2006 interview of Roy Blunt, Carnahan's current political opponent, which aired on "Fox News Sunday" (the "FNS Interview"). The footage used by Defendant does not contain *any* commentary by Blunt. Instead, it features *only* Wallace's likeness, persona, unique vocal commentary, and reporting; a graphic display that Wallace used in his questions to Blunt (the "Graphics"); and the selection of distinctive and stylized camera angles. The Carnahan Ad's use of the footage consists *solely* of voice-over commentary by Wallace played over video of Wallace asking questions to Blunt and of the Graphics illustrating those questions. It did *not* include Blunt's answers and explanations. For these reasons, Defendant's characterization of the ad as an "interview of opposing candidate" is not well-taken (Def. Suggs. p. 1) Defendant manipulated the FNS Interview footage to make it appear as if Wallace – a trusted journalist who has not endorsed any candidate in the 2010 Missouri Senatorial Race – is

instead speaking as a campaign operative. Wallace is the focal point of the Carnahan Ad, not Blunt.

As of the date of the Complaint's filing, Defendant was disseminating the Carnahan Ad on television and on its website, robincarhahan.com (the "Website"). As of September 20, 2010, in further willful disregard of FNC's copyrights of Wallace's rights of publicity and privacy, Defendant responded to this action by moving the Carnahan Ad to an even more prominent position on its Website and directly tied the ad to its fundraising efforts. On its homepage, Defendant now boasts "Robin Carnahan Campaign Stands Up To Fox News, Keeps Ad on TV and Online," and states that "the Robin Carnahan campaign is continuing to run the ad on television and has kept it available online." (A copy of printouts from the Website is annexed hereto as Exhibit B.) Users who click on the link to view the advertisement are directed to a streaming full-length video of the Carnahan Ad, which is now displayed directly adjacent to a button asking visitors to "DONATE NOW." News reports have also stated that Carnahan has cited the lawsuit in fundraiser letters.[1] Thus, it is crystal clear that Defendant is using Wallace's image to raise campaign money.

Plaintiffs have requested relief from these tortious acts in the form of: damages; a permanent injunction against further unauthorized use of the FNS Interview footage and Wallace's likeness/identity; destruction of copies of the infringing work; an accounting of Defendant's profits; pre- and post-judgment interest; and attorneys' fees and costs. Plaintiffs have <u>not</u> moved for either a temporary restraining order or a preliminary injunction, nor have they attempted to take discovery during the infancy of these proceedings.

---

[1] Associated Press, "Robin Carnahan says she wants the lawsuit by Fox News resolved quickly," THE KANSAS CITY STAR (Sept. 20, 2010), *available at* http://www.kansascity.com/2010/09/20/2237172/robin-carnahan-says-she-wants.html.

## ARGUMENT

28 U.S.C. § 1657 allows a court to expedite the consideration of a civil action for "good cause." "[G]ood cause" is shown under § 1657 "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657. Courts applying 28 U.S.C. § 1657 have engaged in a two-step analysis in evaluating a motion to expedite, which determines: (1) on a case-by-case basis, whether the party seeking expedition can "persuasively assert that there is a special public or private interest in the expeditious treatment of their case"; and (2) whether the request "has merit." *Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F. R.D. 485, 487 (C.D. Cal. 1994). Merit is not shown where there is no difference between the pending action and other actions on the Court's docket, such that there is "nothing that separates [this] filing from the filings that preceded it." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Merit is also lacking where there is no exceptional need or urgency for the expedited treatment. *See Summers v. Dep't of Justice*, 733 F. Supp. 443, 444 (D.D.C. 1990).

Here, Defendant argues that good cause is shown because it will suffer "irreparable injury," absent expedition, in the form of: (1) having to devote time and resources "on unnecessary litigation"; (2) interfering with "Carnahan's ability to communicate with Missouri voters"; and (3) creating "substantial uncertainty with Missouri broadcasters regarding whether they should air the [Carnahan] [A]d." (Def. Suggs. 2.) The only substantive defense hinted at by Defendant to Plaintiffs' claims is its conclusory allegation, unadorned by any factual assertions or citations to relevant case law, that its use of the Carnahan Ad is a "fair use." (*See generally id.*) While fair use can be a legitimate defense to a claim of copyright infringement (*see* 17 U.S.C. § 107), it is not a defense to commercial misappropriation or invasion of privacy.

Moreover, contrary to Defendant's insinuation in its Suggestions, the mere fact that copyrighted intellectual property is used as part of a political campaign does not bar a copyright claim as a matter of law. *See, e.g., Browne v. McCain*, 611 F. Supp. 2d 1073, 1078 (C.D. Cal. 2009) (denying motion to dismiss copyright infringement claim for use of copyrighted work in campaign ad by Sen. John McCain on grounds of fair use).

Defendant's arguments in support of the Motion are not well taken. As a preliminary matter, it is not clear that 28 U.S.C. § 1657 has any application here at all. Courts may apply 28 U.S.C. § 1657 to civil actions generally only if "good cause therefore is shown." 28 U.S.C. § 1657. Good cause exists under the statute "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained." *Id.* Here, Defendant has not answered the Complaint, nor has it asserted any counterclaims. Thus, Defendant has not set forth any right that it has under the Constitution of the United States or a Federal Statute that is at issue here.

But even if 28 U.S.C. § 1657 could apply in this context, Defendant's argument in support of expediting the action do not show good cause. Defendant's first argument – that it will be forced to spend money litigating this action – is clearly not good cause under the statute. Any party to a federal litigation is forced to expend time and resources as a result of being named in an action. Thus, Defendant has not by this argument demonstrated at all how it is in any different position than any other of the thousands of litigants facing pending cases in the United States federal court system. Further, those costs would not be mitigated in any way by an expedition; to the contrary, they are likely to be increased by the filing of a dispositive motion so early in the case.

Defendant's second argument that the action interferes with Carnahan's ability to communicate with Missouri voters borders on deceitful. Defendant boasts – *on its own website* –

that the Carnahan Ad is *still being displayed* on television and on the Internet. Thus, it is clear that Defendant has not been deterred – let alone impaired – by the consequences of its tortious acts. But even if Defendant had shown consideration for FNC's and Wallace's intellectual property and privacy rights, and had actually removed the offending ad (which it clearly has no intention to do), its after-the-fact compliance with federal copyright law and Missouri common law would not have impaired Carnahan's ability to communicate with voters for this simple reason that nothing in this action seeks to prevent Carnahan from reporting the *facts* of the FNS Interview. As noted above, the Carnahan Ad does *not* use footage of Blunt speaking. Rather, the only footage it uses is footage of *Wallace* asking questions to Blunt. Nothing in this action seeks to prevent Carnahan from posing those same questions or even from reporting that those questions were asked of Blunt during the FNS Interview. All that Plaintiffs seek is to stop Defendant from infringing FNC's intellectual property rights and from misappropriating Wallace's likeness and persona. Thus, the only thing preventing Defendant from communicating the facts of the FNS Interview to Missouri voters is its own laziness and resulting refusal to create its own intellectual property. That Defendant refuses to create an advertisement reporting the facts of the FNS Interview, without misappropriating Wallace's likeness or identity and FNC's intellectual property, makes clear that the sole value of the clip is that it falsely implies that Wallace endorses Carnahan.

Defendant's third argument – that the action "created substantial uncertainty with Missouri broadcasters regarding whether they should air the ad" – shows only that objective third parties agree that this action has merit. If Missouri broadcasters are so concerned that airing the Carnahan Ad violated FNC and Wallace's rights that they have stopped airing the ad, it raises the question why Defendant is not similarly concerned.

In short, Defendant has not demonstrated that irreparable harm would result if it were not allowed to cut in front of all the other litigants facing pending actions on this Court's docket. Nothing prevents Defendant from filing its planned motion and having this Court adjudicate the defenses Defendant may raise therein. Nothing justifies Defendant's receiving special treatment in that adjudication. Defendant's Motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Expedite Pursuant to 28 U.S.C. § 1657, and grant such other and further relief, together with costs, as this Court deems appropriate

Respectfully submitted,

LATHROP & GAGE LLP


By:  /s/ Bernard J. Rhodes
Bernard J. Rhodes          (MO29844)
2345 Grande Boulevard, Suite 2800
Kansas City, Missouri 64108
Tel.: (816) 460-5508
Fax.: (816) 292-2001
E-mail: brhodes@lathropgage.com

*Attorneys for Plaintiffs Fox News Network, LLC and Christopher Wallace*

Dated:        September 20, 2010

## CERTIFICATE OF SERVICE

   I hereby certify that on September 20, 2010 I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to the following:

   Matthew A. Braunel
   Thompson Coburn, LLP
   One US Bank Plaza
   Suite 2600
   St. Louis, MO 63101-1686
   (314) 552-6106
   Fax: (314) 552-7106
   Email: mbraunel@thompsoncoburn.com

                /s/ Bernard J. Rhodes
                An Attorney for Plaintiffs