IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FOX NEWS NETWORK, LLC and<br>CHRISTOPHER WALLACE,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBIN CARNAHAN FOR SENATE, INC.,<br><br>    Defendant. | Case No. 4:10-CV-00906-GAF |

**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

      Defendant Robin Carnahan for Senate, Inc. (the "Carnahan Campaign"), moves pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the copyright infringement claim of Defendant Fox Network News Network LLC (the "Fox Network") Count I of the Complaint, for failure to meet a necessary filing precondition.

      In support, Section 411(a) of the Copyright Act provides in relevant part that "no civil action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). However, Plaintiffs filed the complaint herein before the Fox Network had filed a completed copyright application with the Copyright Office. Because the Fox Network commenced its copyright claim prematurely, the Court cannot grant the Fox Network relief on its copyright infringement claim and must therefore dismiss this claim. If this filing precondition problem is not resolved, the validity of this lawsuit and any rulings made herein may be

questioned. The Carnahan Campaign has finished running, and thus ceased, television broadcasting of the advertisement in question, and if the case proceeds, it could place the Court and parties in the unusual situation of litigating a lawsuit never properly initiated as to broadcasts of a political advertisement that have already terminated.

Additionally, because no copyright registration is attached to the Complaint, the Fox Network has obscured the issue of the extent to which the materials used by the Carnahan Campaign in its television political advertisement even fall within the Fox Network's copyright.[1]

This motion is supported by the pleadings and papers on file in this matter, and the supporting Suggestions, as well as the Declaration of William C. Rava ("Rava Decl.") filed with the Suggestions.

Dated: October 8, 2010

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Matthew A. Braunel
    Mark Sableman, admitted *pro hac vice*
    Michael L. Nepple admitted *pro hac vice*
    Matthew A. Braunel, #50711
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    314-552-7000 (facsimile)

PERKINS COIE, LLP

    Marc E. Elias, admitted *pro hac vice*
    Ezra W. Reese, admitted *pro hac vice*
    607 Fourteenth Street, N.W.
    Washington, D.C. 20005-2003

---

[1] The Carnahan Campaign notes that under Fed. R. Civ. P. 12(a)(4), the filing of this motion suspends the time for it to respond to those portions of the Complaint that are not subject to the motion to dismiss. *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) ( . . . "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion."); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998) (" . . . the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997).

202-628-6600
202-434-1690 (facsimile)

*Attorneys for Robin Carnahan for Senate, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically by means of the Court's CM/ECF electronic filing system and via electronic mail on this the 8th day of October, 2010, upon all counsel of record.

/s/ Matthew A. Braunel