IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FOX NEWS NETWORK, LLC and CHRISTOPHER WALLACE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10-cv-00906-GAF |
| ROBIN CARNAHAN FOR SENATE, INC., | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S SUGGESTIONS SUPPORTING MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Introduction**

In this case, plaintiffs Fox News Network, LLC (the "Fox Network") and Christopher Wallace ("Wallace") (together, "Plaintiffs") are attempting to use intellectual property and Missouri tort laws to stifle core political speech in the heat of this election season. Defendant Robin Carnahan for Senate, Inc. (the "Carnahan Campaign") is prepared to establish that its use of a January 2006 Wallace interview of Rep. Roy Blunt (the "2006 Interview") is prototypical fair use and that Wallace's tort claims are invalid.

But before even reaching those arguments on the merits, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss the Fox Network's copyright infringement claim for failure to meet a necessary filing precondition. In particular, Plaintiffs filed the complaint before Fox Network had filed a completed copyright application with the Copyright Office. Because Fox Network commenced its copyright claim prematurely, the Court cannot

grant the Fox Network relief on its copyright infringement claim and must therefore dismiss this claim.

This motion is supported by the pleadings and papers on file in this matter as well as the Declaration of William C. Rava ("Rava Decl.") filed herewith.

## Factual Background

On September 15, 2010, Plaintiffs filed the complaint that initiated this litigation. (Dkt. # 1.) The Complaint alleges that the Carnahan Campaign infringed the Fox Network's copyrighted work and violated Wallace's rights of privacy and publicity by using portions of the 2006 Interview to criticize Rep. Roy Blunt, who is currently running against Robin Carnahan for the Unites States Senate. Compl. ¶ 10. In the Complaint, Plaintiffs do not allege that a copyright registration has issued on the 2006 Interview. Nor do they allege that they have filed a *completed* copyright application with the Copyright Office. Instead, they allege simply that "[a]n application for the United States copyright registration for the [2006] Interview is on file with the United States Copyright Office under Case No. 1-487233081." Compl. ¶ 10.

The Fox Network's copyright application was not complete when it commenced this litigation on September 15, 2010. The Fox Network, through counsel, apparently initiated an online application on September 15 or 16 and presumably paid the associated registration fee at that time. *See* Rava Decl. ¶4 and Ex. A thereto. The Copyright Office did not receive the deposit materials necessary to complete the application until September 20, 2010, and did not make the registration publicly available until September 24, 2010. Rava Decl. ¶ 5. The registration (No. PAu3-480-604) includes an effective date of registration of September 20, 2010, the date on which the Copyright Office received the deposit material required to complete the application. *Id.*, Ex. A. The registration appears to claim copyright in all content of the

January 16, 2006, Fox News Sunday news program, and appears not to identify any materials within that program as coming from other sources, such as stock photos or public domain photos. *Id*.

## ARGUMENT

**PLAINTIFF FOX NETWORK HAS NOT MET THE STATUTORY PRECONDITION TO ITS COPYRIGHT INFRINGEMENT CLAIM AND HAS NOT PRODUCED THE REGISTRATION DEFINING ITS COPYRIGHT RIGHTS**

The Fox Network has failed to meet, and cannot meet, the statutory precondition for a copyright infringement lawsuit. (Section 1, below.) Moreover, the Fox Network's failure to provide the registration certificate upon which it bases its claim hampers consideration of this case by the Court and the Carnahan Campaign. (Section 2, below.) For these reasons, this action should be dismissed, or, at least, the Fox Network should be required to amend its Complaint, showing full satisfaction of all filing preconditions, and attaching the copyright registration certificate upon which it bases its copyright claim.

**I. The Court Should Dismiss the Fox Network's Copyright Infringement Claim Because the Fox Network Had Not Complied With the Filing Precondition Specified in the Copyright Act.**

The Fox Network's copyright infringement claim should be dismissed for failure to meet a necessary precondition to commencing litigation. Section 411(a) of the Copyright Act provides in relevant part that "no civil action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Supreme Court recently held that, although it "does not restrict a federal court's subject-matter jurisdiction," section 411(a)'s registration requirement is a "precondition to filing a claim." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010).

As shown above, the Fox Network had not registered its copyright as of September 15, 2010, the date it filed this lawsuit. A registration was not issued on the relevant application until on or about September 25, 2010, and it bore the effective date of September 20, 2010 (apparently the date when the Fox Network filed the last of the required submissions for its application). The Fox Network clearly did not have a complete copyright application on file with the Copyright Office on September 15, 2010.

Although the Eighth Circuit has not yet taken a position on whether it is sufficient to have filed a completed copyright application, or to have received a registration certificate (or rejection) from the Copyright Office, *see, e.g., Tri-Marketing, Inc. v. Mainstream Marketing Services., Inc.*, 2009 WL 1408741 (D. Minn. May 19, 2009) at **2-3 ("recognize[ing] the split of authority on this issue and not[ing] that it is aware of no Eighth Circuit case directly on point"); *Cosmetic Ideas, Inc. v. IAC/InteractiveCorp.*, 606 F.3d 612, 615-16 (9th Cir. 2010) (describing the conflicting approaches); *TVI Inc. v. Infosoft Techs., Inc.*, 2006 WL 2850356 (E.D. Mo. Sept. 29, 2006) (same), there is no question that a ***complete*** copyright application is at least necessary. "[T]he copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered 'the deposit, application, and fee required for registration' to the United States Copyright Office, a branch of the Library of Congress." *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1013 (8th Cir. 2006). In *Action Tapes*, the Eighth Circuit determined that section 411(a) barred a plaintiff's claims for additional protection for certain computer software copyrights because the plaintiff failed to prove that it had properly applied for registration of the computer program copyrights and deposited the required source codes before initiating its lawsuit. *Id.* at 1013-14.

In addition, since the *Reed Elsevier* decision, numerous district courts have dismissed copyright infringement claims where the plaintiff has failed to allege that it had filed a **completed** application with the Copyright Office **before** filing the complaint. *See, e.g.*, *Kruska v. Perverted Justice Foundation Inc.*, 2010 WL 3210847 (D. Ariz. Aug. 9, 2010); *TI Training Corp. v. FAAC, Inc.*, 2010 WL 2490535 (D. Colo. June 15, 2010); *Dawes-Lloyd v. Publish America*, 2010 WL 3431663 (E.D. Pa. Aug. 31, 2010); *Axxiom Mfg. v. McCoy Investments, Inc.*, 2010 WL 2545584 (S.D. Tex. June 21, 2010) (but granting plaintiff leave to amend).

These decisions comport with and reflect the Copyright Act itself. Section 410(d) provides in relevant part that "The effective date of a copyright registration is the day on which an application, deposit, and fee . . . have all been received in the Copyright Office." And section 411(a) further provides that, "In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights." *See also* 17 U.S.C. §§ 407, 408 (requiring deposit of work); 410 (requiring the Register of Copyrights to consider the deposited material in issuing certificates of registration); 37 C.F.R. 202.20-24 (prescribing rules pertaining to deposit of work). Simply put, an application for copyright registration is not complete – and the putative registrant therefore cannot initiate litigation, whatever circuit he might happen to reside in – unless and until the Copyright Office receives the deposit copy of the work.

Here, the Complaint did not and could not allege that the Fox Network owns a copyright registration in the 2006 Interview. Instead, Paragraph 10 alleges only that the Fox Network had an application on file. As of September 15, 2010, however, the day that the Fox Network filed

the complaint, the Fox Network did not have a *completed* application on file with the Copyright Office. Rava Decl. ¶¶ 4, 5. The effective date of the registration is five (5) days later – September 20, 2010 – the date on which the Copyright Office finally received all the materials required by the Copyright Act and related federal regulations in order to examine the application and make a decision on issuance. 17 U.S.C. § 410(d); Rava Decl. ¶ 5, Ex. A. Thus, the Fox Network's copyright application was not complete when it commenced this litigation. The Fox Network therefore cannot prove that it met the preconditions to filing its copyright infringement claim, and the Court should dismiss this claim.

If this filing precondition problem is not resolved, the validity of this lawsuit and any rulings made herein may be questioned. In fact, the Carnahan Campaign has completed running, and thus ceased, television broadcasting of the advertisement in question, and if the case proceeds, it could place the Court and parties in the unusual situation of litigating a lawsuit never properly initiated as to broadcasts of a political advertisement that have already terminated.

## II. The Lack of a Proper Copyright Registration Hampers the Ability of the Court and the Carnahan Campaign to Address the Fox Network's Copyright Claim.

The Fox Network's premature filing is more than a technical failure. Because the Fox Network could not – and therefore did not – attach a completed copyright application (or, better still, a registration certificate with the related application materials) to the Complaint, the Fox Network has obscured the issue of whether all of the elements of the 2006 Interview used by the Carnahan Campaign even fall within the Fox Network's copyright.

Moreover, because of Section 411 of the Copyright Act, copyright registrations are typically attached to complaints for copyright infringement. The registrations define the legal right upon which a plaintiff is suing, and define its scope. Particularly with respect to works that incorporate public domain materials and works of others, registration certificates are essential,

because material described on the copyright form as pre-existing works identify content for which the claimant is *not* making a copyright claim.

For example, this suit involves the Fox Network's copyright claim with respect to a 24-second segment from an hour-long interview program. The Carnahan Campaign believes that certain creative content contained on approximately half of the 24-second clip does not fall within the Fox Network's copyright claim. Specifically, for about one-half of the length of the clip used, the only photographic material portrayed is a photograph of Rep. Blunt that appears to have been taken from C-SPAN footage of the floor of the House of Representative, which, by virtue of C-SPAN's contract with the House, is a public domain photograph:



It is essential for a proper copyright registration to distinguish between the copyright claimant's original creative work, for which copyright can be claimed, and pre-existing works of others, for which the claimant has no right and may not assert infringement.

The Carnahan Campaign believes that the photo shown on the two frames above (representative of about half of the short clip from the Fox Network used in the Carnahan Campaign political advertisement at issue here) is a public domain photograph. If the Fox Network's copyright application correctly acknowledges that the 2006 Interview contained such

public domain materials,[1] that will facilitate consideration of the Carnahan Campaign's fair use defense. Indeed, it is highly relevant, in the opinion of the Carnahan Campaign, not only that it used a very small portion of the copyrighted program (about 24 seconds from an hour-long program, less than 1% of the program), but that 50% of even that small segment was dominated by a public domain photograph. Thus, if the Fox Network has accurately disclosed on its copyright application its use of public domain materials, its submission of the copyright registration will materially aid consideration of the Carnahan Campaign's fair use defense.

Alternatively, if the Fox Network has not disclosed its use of public domain and third party copyrighted materials, as appears from the tardy copyright registration form that the Carnahan Campaign was able to find recently, that is also highly relevant. If the Fox Network claimed copyright in all of the content of the January 16, 2006, Fox News Sunday program, *including public domain photos such as those shown above,* then the Fox Network's failure to disclose its use of public domain material, and disclaim copyright protection for them, may suggest that the Fox Network has made a knowingly overbroad copyright claim. Alternatively, if the Fox Network justifies its failure to disclose its use of public domain material on the ground that such use was not "substantial," that too is highly relevant—for if the Fox Network's use of more than 24 seconds of public domain material is not substantial, then the Carnahan Campaign's

---

[1] Copyright registration forms contain a field for entry of information concerning whether the material for which copyright is claimed may be an derivative work or compilation. The standard Copyright Office instructions for such fields states, among other things, that the claimant should describe pre-existing materials incorporated within the work for which copyright is claimed:

> **General Instructions:** Complete space 6 if this work is a "changed version," "compilation," or "derivative work," ***and if it incorporates one or more earlier works that have already been published or registered for copyright or that have fallen into the public domain.***

U.S. Copyright Office, Instructions for Form GR-PA, http://www.copyright.gov/forms/formgr_pa.pdf (emphasis added).

use of 24 seconds of the Fox Network's material, half of which was focused on that public domain material, would also not be substantial for copyright infringement purposes. Whatever the Fox Network's position as to the public domain material, it will be highly relevant for many purposes, including assessing the good faith of the copyright claim, a relevant factor in a fair use determination. *Field v. Google, Inc*., 412 F. Supp.2d 1106, 1122 (D. Nev. 2006) (considering "good faith" as factor in fair use). The good or bad faith of the copyright claimant is also relevant to the determination of whether fees should be assessed against such a copyright claimant. *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 535 (1994) (in considering fee requests under section 505 of the copyright act, courts should consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.").

**Conclusion**

Plaintiffs' premature filing is fatal to its copyright infringement claim. Moreover, disclosure of the copyright application and registration will promote the best handling of this action. Accordingly, the Carnahan Campaign requests that the Court dismiss this action, or, alternatively, require the Fox Network to amend its Count I, and include therein as exhibits its copyright application and registration upon it seeks to rely.

Dated: October 8, 2010	Respectfully submitted,

	THOMPSON COBURN LLP

	By: /s/ Matthew A. Braunel
	    Mark Sableman, admitted *pro hac vice*
	    Michael L. Nepple admitted *pro hac vice*
	    Matthew A. Braunel, #50711
	    One US Bank Plaza
	    St. Louis, Missouri 63101

314-552-6000
314-552-7000 (facsimile)

PERKINS COIE, LLP

Marc E. Elias, admitted *pro hac vice*
Ezra W. Reese, admitted *pro hac vice*
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2003
202-628-6600
202-434-1690 (facsimile)

*Attorneys for Robin Carnahan for Senate, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically by means of the Court's CM/ECF electronic filing system and via electronic mail on this the 8th day of October, 2010, upon all counsel of record.

/s/ Matthew A. Braunel