IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FOX NEWS NETWORK, LLC and CHRISTOPHER WALLACE, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 4:10-cv-00906-GAF |
| v. | ) ) |
| ROBIN CARNAHAN FOR SENATE, INC., | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS FOX NEWS NETWORK, LLC AND CHRISTOPHER WALLACE'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Fox News Network, LLC ("FNC") and Christopher Wallace ("Wallace") (together, "Plaintiffs"), by and through their undersigned attorneys, hereby submit these suggestions in opposition to the motion of Defendant Robin Carnahan for Senate, Inc. ("Defendant") to dismiss the initial complaint in the above-referenced action (the "Motion to Dismiss").

**BACKGROUND**

While it may not be easy to understand Defendant's motivation in bringing a non-dispositive motion to dismiss one of Plaintiffs' three claims when the very relief Defendant seeks is attached as an exhibit to its declaration in support, resolution of the motion is simple – it ought to be denied. It is quite clear that a copyright infringement plaintiff's lack of a registration does not deprive a federal court of jurisdiction over the case. *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010). Before Defendant's motion was made, the United States Copyright Office had completed its review of FNC's copyright application and had issued the copyright registration. Defendant knew this, and even attached a copy of the registration to its motion

papers.  (*See* Decl. of William C. Rava, Ex. A [Docket # 16-1].)  As such, Defendant must have known when it filed its motion that the motion was bound to fail.  This leaves Plaintiffs with no choice but to conclude that this motion was made solely to delay proceedings that Defendant only weeks ago asked this Court to expedite.  (*See Defendant's Motion to Expedite Pursuant to 28 U.S.C. § 1657* [Docket # 4].)  Defendant's desire to delay the proceedings is also evident by its statement that it has stopped airing the infringing work on television, thereby leaving the Court to infer – falsely – that the infringing work is no longer being displayed anywhere.[1] (Motion to Dismiss 6.)  Defendant's lie by omission is not only troubling; it is irrelevant.  This is a lawsuit for damages.

Plaintiffs have now filed an Amended Complaint, which alleges the fact of the copyright registration and certain additional unlawful actions by Defendant, including Defendant's continued use of the infringing campaign ad on its website.  The Amended Complaint moots the present motion, allowing the Court to expend its precious resources on endeavors more valuable than deciding a motion that should not have been made in the first place, and forcing the Defendant to address Plaintiffs' claims on the merits.

## ARGUMENT

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course within . . . 21 days after service of . . . a motion under Rule 12(b)[.]"  When Rule 15(a)(1) applies, "[l]eave of Court or consent of the defendants is not required" and an amended complaint may be "filed as a matter of course."  *See Edwards v. Dwyer*, No. 1:06CV01 FRB, 2007 WL 572105, at *1 (E.D. Mo. Feb. 20, 2007) (citing cases).  "It is well-established that an amended complaint super[s]edes an original complaint and renders the

---

[1] As of October 25, 2010, the Carnahan Ad is still being displayed by Defendant at: http://www.robincarnahan.com/site/fightfoxfund.

original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). When an amended complaint is filed, a pending motion to dismiss addressed to the initial complaint becomes moot and should be denied. *See, e.g., id.* (stating that it would be "error for this Court to address defendants' Motions to Dismiss" after an amended complaint had been filed and denying those motions as moot); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); *Assoc. Elec. Co-op v. Sachs Elec. Co.*, No. 86-3336-CV-S-4, 1987 WL 14499, at *1 (W.D. Mo. Jan. 12, 1987) (noting that the Court had denied previously filed motions to dismiss for the reason that "plaintiff's amended complaint made them moot"); *Patterson v. ABS Consulting Group, Inc*., No. 4:08CV697RWS, 2009 WL 912291 (E.D. Mo. Mar. 31, 2009); *Ventimiglia v. St. Louis C.O.G., Inc.*, No. 4:08CV1199 CDP, 2008 WL 4335579 (E.D. Mo. Sept. 17, 2008); *Trinity Hospice, Inc. v. Miles*, No. 4:06CV1674 CDP, 2006 WL 3825287, at *2 (E.D. Mo. Dec. 27, 2006); *Wittmann v. United States*, 869 F. Supp. 726 (E.D. Mo. 1994).

Here, Defendant has not filed an answer. Rather, it filed an Rule 12(b)(6) motion to dismiss, which was directed to the initial complaint. Accordingly, Plaintiffs were entitled under Rule 15(a)(1) to amend their initial complaint as a matter of course, without leave of the Court or Defendant's consent, within 21 days of Defendant's filing. Plaintiffs filed their Amended Complaint on October 25, 2010, well within that time period. Accordingly, the initial complaint has been superseded. The Amended Complaint sets forth that the work at issue in FNC's copyright claim has been duly registered by the United States Copyright Office, which is the substance of the very amendment Defendant requests in its motion for this Court to order. Accordingly, Defendant's Motion to Dismiss is moot and should be denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss, and grant such other and further relief, together with costs, as this Court deems appropriate

Respectfully submitted,

LATHROP & GAGE LLP

By: /s/ Bernard J. Rhodes
Bernard J. Rhodes          MO #29844
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108
Tel.: (816) 460-5508
Fac.: (816) 292-2001
E-mail: brhodes@lathropgage.com

*Attorneys for Plaintiffs Fox News Network, LLC and Christopher Wallace*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010 I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew A. Braunel
Thompson Coburn, LLP
One US Bank Plaza
Suite 2600
St. Louis, MO 63101-1686
(314) 552-6106
Fax: (314) 552-7106
Email: mbraunel@thompsoncoburn.com

/s/ Bernard J. Rhodes
An Attorney for Plaintiffs